T. A. FRAZER, ET AL. v. S. W. TALIAFERRO, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—744.]

### Description of Debt and Real Estate in a Mortgage.

A mortgage of real estate is held to be sufficient in describing the debt secured and the real estate where the exact amount of the debt is given, but where the debt is evidenced by several notes and the notes are not mentioned in the mortgage and where the description of the real estate is "A certain tract of land containing 287½ acres, lying in the county of Logan, state of Kentucky, being the property of said J. N. Hutchinson," such descriptions are sufficient to put subsequent purchasers and creditors upon inquiry.

### Requirements of a Valid Mortgage.

To prevent fictitious and fraudulent claims being asserted a mortgage on real estate should in itself show the nature of the lien, and with reasonable certainty the amount of the debt intended to be secured by it, and if the debt is not ascertained, then such description as will tend to put others upon inquiry.

## APPEAL FROM LOGAN CIRCUIT COURT.

April 23, 1885.

Opinion by Judge Holt.

The appellees, Hutchinson and Flood, executed four notes, payable to M. F. Day, each being for $1,398.75 and dated October 9, 1880. He assigned two of them to appellee, S. W. Taliaferro, who brought this action to enforce their collection, on an alleged mortgage to secure their payment, upon 287½ acres of land. The appellants T. A. Frazer and Rod Perry, claiming that they were subsequent bona fide purchasers of the land from the owner. The appellee, Hutchinson, resisted the enforcement of the mortgage upon the ground that it was void for uncertainty, both as to the debt intended to be secured, and the property embraced by it. The testimony shows that the mortgage was intended by the parties to it to secure the two notes now in suit, and to embrace the land now in contest. It further appears that the appellants, not only had constructive notice of the recording of the mortgage and of its existence, but that they were in fact told of it, before their purchase; and appellant, Frazer, testifies in substance, that he had been informed before the purchase, that it was intended by the parties to it to cover the land in contest. When it was executed, Hutchinson owned no other land in the county where it was situated. It is urged, however, that the mortgage must within itself identify the debt and property intended to be embraced by it, and that it can not be aided by evidence aliunde, and that in this instance it may have been given to secure the two first due notes and which may be fully paid, and may have related to some other tract of land owned by Hutchinson.

It however recites as its consideration "the sum of twenty-seven hundred and ninety-seven and 50/100 dollars," and described the property mortgaged as "a certain tract of land containing 287½ acres, laying in the county of Logan, state of Kentucky, being the property of the said J. N. Hutchinson."

The rule is that the debt intended to be secured, and the property intended to be embraced by the mortgage must be so described as to enable subsequent purchasers and creditors to ascertain the same with reasonable certainty; and a debtor can not be permitted by the aid of utter indefiniteness to substitute any demand or property at

pleasure, but absolute exactness as to amount or when the debt will become due or in other respects is not required. If the description is sufficient to direct those subsequently dealing with the property to sources of accurate information, the reason and spirit of the rules are fulfilled.

The mortgage should in itself show the nature of the lien, and with reasonable certainty the amount of the debt intended to be secured by it, and if the debt is not ascertained, then such description as will tend to put others upon inquiry.

This much is necessary to prevent fictitious and fraudulent claims from being asserted, and any other rule would be at war with the spirit and purpose of the recording law.

It is said, however, in Jones on Mortgages, sections 7, 344, that "literal exactness in describing in a mortgage the indebtedness is not required. It is sufficient if the description be correct so far as it goes, and full enough to direct attention to the sources of correct, and full information in regard to it. It is generally held to be sufficient if it appears that a debt is secured and that the amount of it may be ascertained by reference to other instruments or by inquiry otherwise."

A mortgage of "all the lots he then owned in the town of Frankfort, whether he had a legal or equitable title thereto" was held not to be void for generality. *Sturling et al. v. Blair,* 4 Bibb 288.

In the case now before us the amount recited in the mortgage as secured by it, is precisely the same as that of the notes sued upon when added together, and the exact quantity of land embraced by it is given, also the county of its location.

This was in our opinion a sufficient description to put subsequent purchasers and creditors upon inquiry. It was notice, which upon investigation with ordinary diligence and understanding, would have prevented loss, and have led to a knowledge of the truth, and a certain result.

The appellee, Hutchinson, by a cross-petition against the appellants, claims that the conveyance by him to them was procured by undue advantage taken of him, and misrepresentation and deceit, practiced by the party who negotiated the trade between them; and the court below canceled the deed, but gave appellants a lien for the money they in fact paid upon the purchase, but subordinate, however, to the mortgage lien. The testimony taken upon this

que'stion relates to many circumstances. A detailed review of it is unnecessary and it is sufficient to say that it is very conflicting. A careful examination of it however, convinced us that we would not be authorized to reverse the judgment of the chancellor as to it. The appellee, Hutchinson, received in fact but $600, while the land was worth at least $5,000. It is significant that the appellant, Perry, who as the testimony shows was a principal actor in the transaction, does not testify in the case; and no reason satisfactory to us is given why the deed to the appellants recited a cash consideration of $3,397.50 and paid in hand, when but $600 was in fact paid. Moreover, the amount so recited is exactly the total of $600 and the mortgaged lien now asserted; and yet the appellants say, that they did not agree to pay it.

The writen agreement between Hutchinson and the party who negotiated the trade between him and the appellants, and which agreement was made just prior to the execution of the deed, provided that the mortgage was to be paid as a part of the consideration for the land, and the endorsement on the back of it tends strongly to show that while it may have been drawn with a view of a sale to another party, yet that it was also in view of the sale to the appellants. If they were permitted to hold the land and the mortgage debt go unpaid, they would get land worth $5,000 for $600, which was the patrimony of a young man unexperienced in business, and barely of age, when the transaction took place.

In view of the conflicting testimony the judgment of the lower court is entitled to weight; and in our opinion it conformed to the equities between the parties.

The judgment appealed from was not superseded, and there is no appeal from any of the orders of the court made subsequent to the judgment appealed from, and it is affirmed.

Judgment *affirmed.*

*W. W. Lyles, for appellants.*

*H. G. Petrie, E. W. Hines, for appellees.*